IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEANN HARDIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-953 |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

AND NOW, this 18th day of September, 2020, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 21) filed in the above-captioned matter on February 14, 2020,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 19) filed in the above-captioned matter on January 17, 2020,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

Plaintiff, Leann Hardin, filed a claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434, effective December 21, 2015, claiming that she became disabled on March 31, 2015, due to irritable bowel syndrome ("IBS"),

1

damaged upper intestine, elevated liver enzymes, and anxiety. (R. 17, 170-73, 218). After being denied initially on May 6, 2016, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on May 22, 2018. (R. 33-98, 110-14, 115-16). In a decision dated June 21, 2018, the ALJ denied Plaintiff's request for benefits. (R. 17-30). The Appeals Council declined to review the ALJ's decision on June 7, 2019. (R. 1-4). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—

particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant meets a

listing, a finding of disability is automatically directed.  If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 404.1520(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994).  If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.  See 20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience.  See id.  The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled.  See 20 C.F.R. § 404.1523.

**III.    The ALJ's Decision**

In her June 21, 2018 decision, the ALJ found that Plaintiff met the insured requirements of the Act through December 31, 2022.  (R. 19).  Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that she was disabled on or before that date.  See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits.  In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date of March 31, 2015.  (R. 19-20).  The ALJ

also found that Plaintiff met the second requirement of the sequential evaluation process insofar as she had the severe impairments of IBS with constipation and diarrhea; gastritis; major depressive disorder; generalized anxiety disorder; dysthymic disorder; and anorexia nervosa. The ALJ found that Plaintiff's colonic polyps, internal hemorrhoids, ear pain, acute sinusitis, hiatal hernia, melana, and slight hearing loss did not qualify as severe impairments. (R. 20). The ALJ concluded that Plaintiff's impairments did not meet or equal any of the listings that would satisfy Step Three. (R. 20-22).

The ALJ went on to find that Plaintiff retained the RFC to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), with the following additional limitations:

> the work must: entail no climbing of ladders, ropes, or scaffolds; entail no exposure to hazards such as unprotected heights or dangerous unshielded moving mechanical parts; be situated within 500 feet of restroom facilities; be limited to routine tasks in occupations with an SVP of 2 or lower.

(R. 22-28). Based on this RFC, Plaintiff established that she is incapable of returning to her past employment; therefore, the ALJ moved on to Step Five. (R. 20-21).

At Step Five, the ALJ used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. According to the ALJ, the VE testified that, given Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as document preparer, small parts assembler, and call out operator. (R. 29, 81-82). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 29-30).

**IV.   Legal Analysis**

Plaintiff's lead argument is that she was deprived of a fair hearing based on the conduct of the ALJ. While there is no question that the hearing included a few tense moments, at no

point did the ALJ's conduct deprive Plaintiff of a fair hearing or expose her to bias or animus. See Bordes v. Comm'r of Soc. Sec., 235 Fed. Appx. 853, 857-58 (3d Cir. 2007).  The hearing was comparatively quite long, and counsel was given the opportunity to continue asking questions even after the exchange during which counsel claimed he was precluded from asking questions (R. 84-93), and the ALJ herself asked additional questions of Plaintiff and the VE. Indeed, the transcript goes on for seven pages after the exchange.  Moreover, Plaintiff in no way suggests what evidence, if any, she was precluded from entering into the record.

However, it does appear that the exchange may have caused a miscommunication that was not resolved.  The primary issue during the disagreement between the ALJ and counsel was the validity of the March 15, 2018 opinion of Frederick Ruthardt, M.D., especially his suggestion that Plaintiff would need 10-15 unscheduled restroom breaks each workday, each lasting an average of 30-45 minutes (R. 402-04).  The ALJ questioned the reasonableness of this opined limitation, and she ended up including ***no*** language in the RFC regarding Plaintiff's need for multiple daily bathroom breaks of some length.  This does not appear to be consistent with the record or the ALJ's own statements at the hearing.

RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments.  See Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001). See also 20 C.F.R. § 404.1545(a).  Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a

reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705). See also SSR 96-8p, 1996 WL 374184 (S.S.A.), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

      Here, the ALJ included in the RFC a requirement that Plaintiff work within 500 feet of a restroom but included no provisions regarding the frequency with which Plaintiff would need to use that restroom or the time she would need to do so. The ALJ, while reasonably observing that Dr. Ruthardt's opinion regarding the number and length of required bathroom breaks would amount to Plaintiff being in the restroom 5-10 hours out of each 8-hour work day, ultimately went to the other extreme and found, in essence, that Plaintiff had no need for unscheduled restroom trips. However, she herself, at the hearing, while questioning the opinion of Dr. Ruthardt, acknowledged that the record supported that Plaintiff would need to make "multiple trips to the bathroom." (R. 85). Indeed, even disregarding Dr. Ruthardt's opinion, the record contains a good deal of evidence regarding Plaintiff's need for frequent restroom breaks. (R. 421, 427, 432). It also contains evidence that these trips can be of an extended duration; one record notes that Plaintiff's trips to the restroom can take up to two hours (R. 457) and others characterize Plaintiff's bathroom episodes as "long and painful." (R. 412). The record further contains references to problems with urgency, incontinence, and overflow, including at work. (R. 445, 448, 468).

      It is difficult to see how this record could support ***no restrictions*** in Plaintiff's RFC regarding the number and duration of restroom breaks she may need. Being situated relatively close (but not particularly close) to a restroom does not sufficiently address the issue. The VE

7

testified that the customary employer tolerance for being off task is 10 percent of the time.  (R. 83).  Given this testimony, the VE may well have had a different take on the jobs Plaintiff could perform in consideration of additional unscheduled restroom breaks of an extended length.

By no means is the Court stating that the ALJ was required to simply adopt Dr. Ruthardt's opinion, and the Court expresses no opinion as to what the appropriate findings regarding the frequency and duration of Plaintiff's restroom breaks should be.   However, the record contains sufficient evidence relating to this issue to require a more focused and thorough analysis.   It is this need for additional explanation by the ALJ that necessitates a remand in this case.[1]   As noted, the Court does not believe that anything done by the ALJ prevented Plaintiff from having a fair hearing.  It will, though, leave to the Commissioner to decide whether the case should be assigned to a different ALJ on remand.  Moreover, although the Court does not reach the other issues raised by Plaintiff, the ALJ should be cognizant of these issues on remand and ensure that proper consideration is given to Plaintiff's allegations of pain.

## V.    Conclusion

In short, the record does not permit the Court to find that the findings of the ALJ regarding Plaintiff's RFC are supported by substantial evidence.  Accordingly, the case is remanded to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:         Counsel of record

---

[1]     As such, the record does not permit the Court to reverse and remand the case for an award of benefits. See Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984).